**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | **DOCKET NO. 3:01CR100 (RNC)** |
| **V.** : | |
| : | **FEBRUARY 28, 2005** |
| **JUAN ROSARIO** : | |

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

The Defendant, Juan Rosario, respectfully files this Memorandum as an aid to the Court in sentencing that is scheduled for Thursday, March 10, 2005 at 11:00am in the United States District Court in Bridgeport, Connecticut in front of the Honorable Alan H. Nevas, U.S.D.J. Based upon the review of the pre-sentence report ("PSR"), as well as discussions with Assistant United States Attorney Stephen B. Reynolds and United States Probation Officer Joseph Zampano, undersigned counsel agrees in certain respects to Mr. Rosario's Guidelines range presented in the PSR of 185-235 months based on a Total Offense Level 31[1] and a Criminal History Category VI.[2]

The purpose of this memo is to request that this Court depart from the applicable Guidelines range pursuant to § 4A1.3(b) because the Defendant's criminal history category over-represents the seriousness of the Defendant's actual criminal history and his likelihood of recidivism.[3] A downward departure for criminal history must be based on the defendant's criminal

---

[1] Mr. Zampano calculated Mr. Rosario's Total Offense Level 31 to a base level of 34 (Career Offender enhancement pursuant to § 4B1.1(B)) minus a three-point reduction pursuant to §§ 3E1.1(a) & (b) for Acceptance of Responsibility. Absent a Career Offender enhancement, Mr. Rosario's Base Offense Level would have been 28 (§ 2D1.1(c)(1)(6)) and his Total Offense Level would have been 25 after the three-point reduction for Acceptance of Responsibility.

[2] Mr. Zampano calculated Mr. Rosario's Criminal History Category as VI based on his Career Offender status and Guidelines § 4B1.1(b). Absent a Career Offender enhancement, Mr. Rosario's Criminal History Category would have been IV based on 8 Criminal History points.

[3] It is submitted that although this memorandum is written in anticipation of a § 5K1.1 motion to be filed by the Government, the Defendant makes this departure argument to create a lower starting point for the downward departure requested by the Government.

1

history and not the relevant conduct surrounding the offense itself.  See United States v. Fuller, 332 F.3d 60 (2d Cir. 2003).

Mr. Rosario has three criminal convictions (see PSR pp. 10-11).  I ask the Court to look at paragraph 50 regarding the arrest of July 17, 1996 and specifically the last paragraph within that subsection which states that "no evidence was secured from the residence."  This July 17, 1996 arrest, if it existed in and of itself, would have resulted in a nolle and/or dismissal.  Under the circumstances, however, it was determined that unless Mr. Rosario disposed of all pending cases in Part A Bridgeport and Part B Bridgeport (GA#2), all offers would have been withdrawn, and therefore Mr. Rosario essentially became obligated to enter a plea in Part B Bridgeport in order to allow for a global disposition to occur.  Since the Part A case and FTA case were virtually non-defensible, it was Mr. Rosario's desire to desire all cases at once.

It is also obvious that Mr. Rosario is virtually illiterate in both English and Spanish and that his capacity to understand is somewhat limited, although I do not suggest that he is incompetent.

Wherefore, it is respectfully requested that the Court consider its decision under §5K1.1 from a starting point of a criminal history category IV and offense level 25, resulting in 84-105 months.

Lastly, while Mr. Rosario and his counsel recognize that the Court possesses a new discretionary authority pursuant to the decisions bestowed upon it in *Blakely v. Washington*, 124 S. Ct. 2531 (2004), *United States v. Booker,* 2005 U.S. Lexis 628, 125 S. Ct. 738 (2005), *United States v. Fanfan*, 2005 WL 50108, 125 S. Ct. 738 (2005) ("*Booker/Fanfan"),* and *United States v. Crosby*, 2005 U.S. App. Lexis 1699 (2005), it is understood that pursuant to the stipulation entered in the plea agreement, the Court's ability to exercise that discretionary authority is somewhat limited.[4]

---

[4] The plea agreement contains the following stipulation: "the Government and the defendant stipulate and agree that 1.5 kilograms of cocaine and 100 to 400 grams of heroin are attributable to the defendant resulting in a base offense level of 28 pursuant to U.S.S.G. §§ 2D1.1 and 3D1.1-3D1.4."

2

In conclusion, therefore, Mr. Rosario respectfully requests this Court to consider the arguments submitted in this sentencing memorandum, along with the argument put forth at oral argument, and the Defendant asks that a sentence in accordance with the Guidelines and prevailing law be entered.

                        RESPECTFULLY SUBMITTED,
                        JUAN ROSARIO

                        By /s/ Frank J. Riccio                .
                          FRANK J. RICCIO
                          LAW OFFICES FRANK J. RICCIO LLC
                          923 EAST MAIN STREET
                          P.O. BOX 491
                          BRIDGEPORT CT 06601-0491
                          Fed Bar #CT 00148
                          (203) 333-6135 (phone)
                          (203) 333-6190 (fax)
                          fricciojd@aol.com

**CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed, postage prepaid, on this the 28th day of February, 2005 to Stephen B. Reynolds, Esq., Assistant United States Attorney, 915 Lafayette Boulevard, Bridgeport, CT 06604 Joseph Zampano, United States Probation Officer, Office of United States Probation, 915 Lafayette Boulevard, Bridgeport, CT 06604, and a courtesy copy to the Honorable Alan H. Nevas, U.S.D.J., United States District Court for the District of Connecticut, 915 Lafayette Boulevard, Bridgeport, CT 06604.

                        By /s/ Frank J. Riccio                .
                          FRANK J. RICCIO
                          LAW OFFICES FRANK J. RICCIO LLC