UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Docket No. 3:03CR100(AHN) |
| v. | : | |
| JUAN ROSARIO | : | March 22, 2005 |

**MOTION TO DISMISS COUNTS TWO AND THREE OF THE INDICTMENT**

Pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure, and in accordance with the terms of the plea agreement entered by the parties on or about June 13, 2003, the Government hereby moves, post-sentencing, to dismiss Counts Two and Three of the Indictment in the above-referenced case as against the defendant, Juan Rosario.[1] Pursuant to the terms of the plea agreement, Rosario: (1) pleaded guilty to Count One of the Indictment, charging him with a conspiracy to possess with intent to distribute and distribution of 500 grams or more of cocaine; (2) agreed to the forfeiture of the $17,315.00 in United States currecncy set forth in Count Three of the Indictment; and (3) pleaded guilty to an additional one-count information, charging him with a conspiracy to possess with intent to distribute and distribution of 100 grams or more of heroin. In light of the above, and pursuant to the terms of the plea agreement, the Government respectfully requests that the Court dismiss Counts Two and Three of the Indictment as against the defendant, Juan Rosario.

---

[1] The forfeiture allegation was perhaps erroneously identified here as an additional "count" in the Indictment – the current practice is to simply notice items identified for forfeiture and the basis therefore in a "forfeiture allegation," rather than as a separate count. Because the forfeiture "count" nevertheless served the purposes of proper notice and the defendant agreed to the forfeiture of the $17,315.00 as part of his plea agreement, as a practical matter, the government sees no reason why the "forfeiture count" cannot be dismissed to clean up the docket.